IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| VANESSA HOWLE, | ) |
| Plaintiff, | ) No. 8:20-cv-00691-LKG |
| v. | ) Date: September 13, 2021 |
| UNITED HEALTH GROUP, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND DISMISSAL ORDER**

**I.     INTRODUCTION**

Defendant, United Health Group, Inc. ("United Health"), moved to compel arbitration and dismiss this Family and Medical Leave Act ("FMLA") matter, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, on May 13, 2021.  *See generally* Def. Mot. and Def. Mem., ECF Nos. 23, 23-1.  On May 27, 2021, plaintiff filed a response in opposition to United Health's motion.  *See generally* Pl. Resp., ECF No. 24.  United Health filed a reply in support of its motion on June 9, 2021.  *See generally* Def. Reply, ECF No. 25.

The parties agree that all of plaintiff's claims in this matter are subject to arbitration and that plaintiff has submitted an arbitration demand to United Health.  Def. Mem. at 3; Pl. Resp. at 2.  But, the parties disagree about whether the Court should stay or dismiss this matter given their agreement to engage in arbitration.  Def. Mem. at 1 n.1; Pl. Resp. at 2.  No hearing is necessary. L.R. 105.6.  For the reasons that follow, the Court **DISMISSES** the complaint and **DENIES-as-MOOT** United Health's motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

As background, plaintiff, Vanessa Howle, is an employee of United Health.  *See* Compl. at ¶¶ 5, 10.  Plaintiff alleges that United Health violated the FMLA by, among other things,

failing to provide reasonable accommodations for her physical and cognitive disabilities, and by failing to pay her for time spent on approved FMLA leave, and she seeks to recover compensatory and punitive damages from United Health. *See id.* at ¶¶ 7-8; 44; Prayer for Relief.

It is undisputed that plaintiff has signed United Health's employment and arbitration policy acknowledgement form, in which she agreed to arbitrate claims related to her employment. Def. Mem. at 1; Pl. Resp. at 2. This arbitration agreement provides, in relevant part, that:

> This Policy creates a contract between United Health Group and employee requiring both parties to resolve employment-related disputes . . . [except for certain excluded disputes not relevant here] . . . that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy.

Def. Mot. Ex. A at 1, ECF No. 23-2; *see also* Def. Mot. Ex. A at 2 (listing excluded claims). After United Health filed its motion to compel arbitration and dismiss this matter, plaintiff submitted an arbitration demand to United Health pursuant to the arbitration agreement. Def. Mem. at 1 n.1; Pl. Resp. at 2; *see also* Pl. Resp. Ex. 1, ECF No. 24-1 (plaintiff's arbitration demand, dated May 12, 2021).

### III.  LEGAL STANDARDS

#### A.  The Federal Arbitration Act

The Federal Arbitration Act ("FAA") "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). Under Section 2 of the FAA, an arbitration contract is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. And so, the FAA "establishes 'a liberal federal policy favoring arbitration agreements.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Section 3 of the FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. And so, the United States Court of Appeals for the Fourth Circuit has held that "the FAA requires a court to stay 'any suit or proceeding' pending arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.' This stay-of-litigation provision is mandatory." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting 9 U.S.C. § 3)).[1]

The Fourth Circuit has also determined that, in lieu of a stay of proceedings, "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). And so, this Court has dismissed cases in which all claims are subject to arbitration. *See, e.g.*, *Willcock v. My Goodness! Games, Inc.*, No. 16-4020, 2018 WL 3970474, at *4 (D. Md. Aug. 20, 2018); *Kabba v. Rent-A-Center*, No. 17-211, 2017 WL 1508829, at *2 (D. Md. Apr. 27, 2017), *aff'd*, 730 F.

---

[1] Section 4 of the FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition a district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The statute also provides that, when presented with such a petition, a court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* But, if the "making of the arbitration agreement" is at issue, "the court shall proceed summarily to the trial thereof." *Id.* The Fourth Circuit has also held that the question of "[w]hether a party has agreed to arbitrate an issue is a matter of contract interpretation: '[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 92 (4th Cir. 1996) (alteration in original). And so, "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010); *see also Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019) (stating that Section 4 of the FAA "requires that the district court—rather than an arbitrator—decide whether the parties have formed an agreement to arbitrate").

3

App'x 141 (4th Cir. 2018); *Phears v. LVNV Funding*, *LLC*, No. 20-2843, 2020 WL 7054806, at *3 (D. Md. Dec. 2, 2020).

## IV.  ANALYSIS

### A.  Dismissal Of This Litigation Is Appropriate Pursuant To The FAA

Dismissal of this litigation is appropriate under the FAA, because all the claims at issue in this matter are subject to arbitration. Def. Mem. at 1; Pl. Resp. at 2. Under Section 3 of the FAA, in any proceeding in which a court is presented with an issue that is covered by a written, valid arbitration agreement between the parties, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The Fourth Circuit has held that, in lieu of a stay of proceedings, "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels*, 252 F.3d at 709-10 (citation omitted). And so, this Court has dismissed actions in which all claims at issue are covered by a valid, written arbitration agreement between the parties on numerous occasions. *See, e.g.*, *Nat'l Motors, Inc. v. Universal Warranty Corp.*, No. 19-00052, 2020 WL 58303, at *10 (D. Md. Jan. 3, 2020) (dismissing suit because each of plaintiff's three claims fell within the scope of an agreement's arbitration clause); *Taylor v. Santander Consumer USA, Inc.*, No. 15-0442, 2015 WL 5178018, at *7 (D. Md. Sept. 3, 2015) (dismissing suit because all claims were arbitrable); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 856 (D. Md. 2013) ("Because the entire claim of each relevant class member must be resolved by arbitration, this Court finds that dismissal, rather than a stay of trial, is appropriate.").

Here, there is no dispute that the parties are bound by a valid and enforceable arbitration agreement and that all claims in this matter are subject to that agreement. *See* Def. Mot, at 1; Def. Reply at 1; Pl. Resp. at 2. Given this, dismissal of this matter is appropriate under *Choice Hotels*, 252 F.3d at 709-10.[1]

---

[1] Plaintiff's reliance upon *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999), to argue that the Court should stay this matter is misplaced. Pl. Resp. at 2. Plaintiff correctly argues that the Fourth Circuit held in *Hooters of America* that, "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial

4

## V. CONCLUSION

For the foregoing reasons, the Court:

1. **DISMISSES** the complaint without prejudice; and

2. **DENIES-as-MOOT** United Health's motion to compel arbitration and to dismiss the litigation.

**IT IS SO ORDERED**.

       \_\_/s/_____
       Lydia Kay Griggsby
       United States District Judge

---

proceedings . . . and to compel arbitration." *Hooters of Am.*, 173 F.3d at 937. But, as discussed above, the Fourth Circuit has more recently held that dismissal is a proper remedy when all the issues presented in a lawsuit are arbitrable. *See Choice Hotels*, 252 F.3d at 709-10 (4th Cir. 2001). The Fourth Circuit recognized in *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355 (4th Cir. 2012), that "[t]here may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'" *Id.* at 376 n.18. But, the Fourth Circuit has declined to resolve this tension. *See id.*